IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LORRAINE PARCHMENT,<br>    Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING,<br>    Defendant. | Civil Action File No.<br>1:14-cv-01037-CC |

_____

### DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, OCWEN LOAN SERVICING, LLC ("Ocwen"), improperly identified by Plaintiff as Ocwen Loan Servicing, by and through its undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby files this its Brief in Support of its Motion to Dismiss Plaintiff's Complaint showing this Honorable Court as follows:

### STATEMENT OF FACTS

This action concerns real property located at 1464 Shellnut Court, Hampton, Georgia 30228 (the "Subject Property"). On or about December 18, 2006, Annie Parchment purchased the Subject Property. In order to finance her purchase of the Subject Property, Annie Parchment obtained two separate loans from New Century Mortgage Corporation (hereinafter "New Century"). Annie Parchment obtained a

first loan from New Century in an original principal amount of One Hundred Seventy-Four Thousand, Four Hundred and No/100 Dollars ($174,400.00) (hereinafter the "First Mortgage").  To secure the First Mortgage, on December 18, 2006, Annie Parchment conveyed the Subject Property to Mortgage Electronic Registration Systems, Inc. ("MERS"), as grantee and nominee for New Century and its successors and assigns (the "First Security Deed").  The First Security Deed is recorded in Deed Book 9839, beginning at Page 145, Henry County, Georgia Records.  A copy of the First Security Deed is attached to this Motion as **Exhibit "A."**[1]

As additional financing for the Subject Property, Annie Parchment obtained a second loan from New Century in an original principal amount of Forty Three Thousand Six Hundred and No/100 Dollars ($43,600.00) (hereinafter the "Second Mortgage").  To secure the Second Mortgage, on December 18, 2006, Annie Parchment conveyed the Subject Property to MERS, as grantee and nominee for New Century, by security deed (the "Second Security Deed").  The Second

---

[1] A document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment if the attached document is: 1) central to the plaintiff's claim, and 2) undisputed. *See, e.g.* Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (explaining that "undisputed" in this context means the authenticity of the document is not challenged). Furthermore, the court may take judicial notice of public records and thus may consider such records on a motion to dismiss. *See, e.g.* Universal Express, Inc. v. S.E.C., 177 Fed. Appx. 52, 53-54 (11th Cir. 2006).

Security Deed is recorded in Deed Book 9839, beginning at Page 169, Henry County, Georgia Records.  A copy of the Second Security Deed is attached to this Motion as **Exhibit "B**."

Ocwen began servicing both mortgages in September 2010. On or around February 17, 2013, Annie Parchment executed a Quitclaim Deed (the "Quitclaim Deed") deeding the Subject Property from herself to Plaintiff, Lorraine Parchment. The Quitclaim Deed was recorded on February 20, 2013 in Deed Book 12954, beginning at Page 214, Henry County, Georgia Records.  A copy of the Quit Claim Deed is attached to this Motion as **Exhibit "C."**

On February 28, 2014, Plaintiff filed this Complaint solely against Ocwen. Plaintiff alleges that Ocwen is guilty of mortgage fraud pursuant to O.C.G.A. § 16-8-101 and violating the Real Estate Settlement Procedures Act ("RESPA"). Plaintiff's Complaint against Ocwen fails as a matter of law.  Plaintiff's mortgage fraud claim against Ocwen fails as, notwithstanding the fact that no private right of action exists under O.C.G.A. §16-8-101, Plaintiff  lacks standing to make a claim as she was not a party to the underlying mortgage loans or security deeds. Furthermore, not only is Plaintiff barred from pursuing a RESPA claim due to the statute of limitations, but she has failed to state a valid claim for relief. For the

reasons set forth below, Plaintiff's Complaint against Ocwen fails as a matter of law and should be dismissed.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court must accept the plaintiff's well pled allegations as true and construe the complaint in the plaintiff's favor. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). "Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Broner v. Wash. Mut. Bank, FA*, 258 Fed. App. 254, 256 (11th Cir. 2007) (per curiam) (unpublished) (quoting Fed. R. Civ. P. 8(a)(2)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal marks and citations omitted). To survive a motion to dismiss, a complaint must "give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests." *Id*. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level," *Id*., as the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly,* 550 US. at 556). The Supreme Court in *Iqbal* held:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

129 S. Ct. at 1949-50 (internal marks and citations omitted).

## ARGUMENT AND CITATION OF AUTHORITY

**I. PLAINTIFF'S COMPLAINT FAILS TO MEET THE MINIMUM FEDERAL PLEADING STANDARD**

Plaintiff's Complaint should be dismissed because it fails to meet the applicable pleading standard. Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, Plaintiff's Complaint is the epitome of an impermissible shotgun pleading-complaints where the plaintiff asserts rambling, incoherent and meshed causes of actions. *See Magulta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Shotgun pleadings are not only a hodgepodge of factual allegations and legal conclusions, but are also complaints that "make[e] no distinction among the defendants charged, through geographic and temporal realities make plain that all of [the] defendants could not have participated in every act complained of". *Id*.

Plaintiff's Complaint is filled with threadbare "naked assertions devoid of further factual enhancement," which the Supreme Court has rejected. *Iqbal*, 129 S. Ct. at 1949. Throughout the Complaint, Plaintiff makes sweeping conclusory allegations. Plaintiff fails to provide well-pled facts to support the allegations at issue in this case. Further, Plaintiff's allegations fail to set forth any claim against Ocwen upon which relief may be granted. As a consequence of all of the above

deficiencies, Ocwen remains at a loss as to how to respond to the Complaint and would be forced to wildly speculate - to its detriment - as to the circumstances and facts upon which Plaintiff attempts to rely. Plaintiff failed to meet the factual content requirement established by *Iqbal* and *Twombly*, and, consequently, she has failed to state any claim on which relief may be granted.

## II.     PLAINTIFF FAILED TO STATE A MORTGAGE FRAUD CLAIM FOR RELIEF UNDER O.C.G.A § 16-8-101

Plaintiff alleges that Defendant is liable for mortgage fraud under O.C.G.A. § 16-8-101. Pursuant to O.C.G.A. § 16-8-102, a person commits the offense of residential mortgage fraud when, with the intent to defraud, such person:

> (1) Knowingly makes any deliberate misstatement, misrepresentation, or omission during the mortgage lending process with the intention that it be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process;
>
> (2) Knowingly uses or facilitates the use of any deliberate misstatement, misrepresentation, or omission, knowing the same to contain a misstatement, misrepresentation, or omission, during the mortgage lending process with the intention that it be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process;
>
> (3) Receives any proceeds or any other funds in connection with a residential mortgage closing that such person knew resulted from a violation of paragraph (1) or (2) of this Code section;

> (4) Conspires to violate any of the provisions of paragraph (1), (2), or (3) of this Code section; or
>
> (5) Files or causes to be filed with the official registrar of deeds of any county of this state any document such person knows to contain a deliberate misstatement, misrepresentation, or omission.

O.C.G.A. § 16-8-102. Further, the " 'mortgage lending process' means the process through which a person seeks or obtains a residential mortgage loan including, but not limited to, solicitation, application, or origination, negotiation of terms, third-party provider services, underwriting, signing and closing, and funding of the loan... " O.C.G.A. §16-8-101.

Plaintiff fails to state a claim for mortgage fraud under O.C.G.A. § 16-8-101, as she is not a real party in interest, fails to meet the federal pleading standards, has not alleged that Ocwen violated the statute and is barred from asserting a private right of action under the statute.

    A.    <u>Plaintiff is Not a Real Party in Interest</u>

Rule 17(a) of the Federal Rules of Civil Procedure provides,

> (1) **Designation in General.**  An action must be prosecuted in the name of the real party in interest. The following may sue in their names without joining the person for whose benefit the action is brought:
>     (a) an executor;
>     (b) an administrator;
>     (c) a guardian;
>     (d) a bailee;

>      (e) a trustee of an express trust;
>      (f) a party with whom or in whose name a contract has been made for another's benefit; and
>      (g) a party authorized by statute.

Here, it is clear that Plaintiff cannot bring a claim under O.C.G.A. § 16-8-101, *et seq.* as she was not involved in the mortgage lending process with regard to the First or Second Mortgage. She was not the Borrower. Annie Parchment was the Borrower for both the First and Second Mortgages. The Plaintiff was not a party to any of the loan documents, was not a party to the closing of the Subject Loans, and was not involved whatsoever as a party to the agreements between New Century and Annie Parchment.

As a general rule, non-parties to an agreement only possess a claim for relief related to the agreement where they are a third party beneficiary to the contract. *See Haldi v. Piedmont Nephrology Associates, P.C.*, 283 Ga. App. 321, 322, 641 S.E.2d 298, 300 (2007). "A third party has standing to enforce that type of contract if it clearly appears from the contract that it was intended for his benefit; the mere fact that he would benefit from performance of the contract is insufficient." *Marvel Enterprises, Inc v. World Wrestling Federation Entertainment, Inc.*, 271 Ga. App. 607, 615 (2005).

Plaintiff does not fall into any category authorized to bring a claim by F.R.C.P. 17. Nor has she alleged that she was an intended third party beneficiary of

the two loans. Although Plaintiff makes the conclusory statement that the Subject Property was purchased for her benefit, she does not provide any facts to support this claim. In fact, the Security Deeds at issue contradict this allegation. The First Security Deed contains a provision that required Annie Parchment to occupy the Subject Property. Exhibit A, P. 7, ¶ 6. Additionally, both security deeds at issue contain provisions making it a default for the borrower to transfer the Subject Property without the lender's prior written consent. Exhibit A, P.11, ¶ 18; Exhibit B, P. 3, ¶ 16.

Plaintiff has failed to establish that she was an intended beneficiary of the First and/or Second Mortgages. Plaintiff obtained her interest in the Subject Property more than six years **after** the loans at issue were closed and the alleged mortgage fraud occurred. As such, she is not a real party in interest and cannot bring a claim under O.C.G.A. §16-8-101, *et seq.*

B. <u>Plaintiff failed to meet the Fraud Pleading Standards Under F.R.C.P. 9(b)</u>

Even if the Court determines that Plaintiff is a real party in interest, Plaintiff's mortgage fraud claim fails because it fails to meet the heightened pleading requirement of Fed. R. Civ. P. 9(b). See *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1201 (11th Cir. 2001); *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.2d 1309, 1316 (11th Cir. 2007).

To satisfy the pleading requirements of Rule 9(b), a complaint must allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997). "Mere allegations of fraud, corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are too conclusional to satisfy the particularity requirement no matter how many times such accusations are repeated. *Flynn v. Merrick*, 881 F.2d 446, 449 (7th Cir. 1989) (quoting *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985)). Dismissal is warranted where the plaintiff's complaint fails to comply with these requirements. *See Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1193-94 (11th Cir. 2002).

In her Complaint, Plaintiff makes a mortgage fraud claim without ever identifying the specifics of the claim. Plaintiff broadly states that "banks participating in MERS falsely represented that the underlying mortgage loans complied with certain underwriting guidelines…", but never actually identifies the alleged fraudulent behavior taken by Ocwen, including the precise alleged misrepresentation, the content of this alleged misrepresentation, or what Ocwen gained from this alleged fraud. (Complaint, ¶10). Ocwen is at a loss as to what

11

Plaintiff alleges specifically against it and would have to speculate at its own peril in making such a determination. Plaintiff has completely failed at providing Ocwen with notice of "the precise misconduct with which [they] are charged." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 273, 1277 (11th Cir. 2006).

Therefore, Plaintiff's mortgage fraud claim must be dismissed.

### C. Plaintiff makes no allegation that Ocwen violated any provision of O.C.G.A. § 16-8-102

O.C.G.A. § 16-8-102 defines the conduct that constitutes residential mortgage fraud under Georgia law. The first two subsections of that statute govern conduct during "the mortgage lending process". O.C.G.A. §§ 16-8-102(1) and (2). The term mortgage lending process "means the process through which a person seeks or obtains a residential mortgage loan including, but not limited to, solicitation, application, or origination, negotiation of terms, third-party provider services, underwriting, signing and closing, and funding of the loan... " O.C.G.A. §16-8-101. The third subsection of O.C.G.A. § 16-8-102 governs conduct regarding the closing of loans. The fourth subsection bars conspiracies to violate the first three subsections of O.C.G.A. § 16-8-102.

The loan(s) at issue were closed on December 18, 2006. (Compl. ¶ 1). However, Ocwen did not begin servicing the loan(s) until September 1, 2010. (Compl. ¶ 6). Ocwen was not a participant in the solicitation, application, or

origination, negotiation of terms, third-party provider services, underwriting, signing and closing, and funding of the loan(s). As such, Ocwen could not have violated subsections one through four of O.C.G.A. § 16-8-102.

The fifth subsection of O.C.G.A. § 16-8-102 prohibits recording in the real property records any document known "to contain a deliberate misstatement, misrepresentation, or omission". Plaintiff's Complaint does not allege that Ocwen has caused such a document to be recorded. In fact, Plaintiff's Complaint asks the Court to impose liability because Ocwen has **not** recorded any documents. (Compl. ¶ 12). If it has not recorded any documents, Ocwen could not have violated subsection five of O.C.G.A. § 16-8-102.

Plaintiff's claim for residential mortgage fraud must be dismissed because Plaintiff's Complaint does not allege that Ocwen performed any act or omission which constitutes residential mortgage fraud as defined by the applicable statutes.

D.  There is No Private Right of Action under the Georgia Residential Mortgage Fraud Act

Plaintiff alleges that provisions of Georgia's Residential Mortgage Fraud Act "GRMFA", O.C.G.A. § 16-8-100 *et seq.*, which creates the criminal offense of residential mortgage fraud, were violated. (Compl. ¶ 9.)  Plaintiff's claims fail as a matter of law because there is no private right of action under the GRMFA. *Jenkins v. BAC Home Loan Servicing, LP.*, 822 F. Supp. 2d 1369, 1380-81 (M.D.

Ga. 2011) ("Section 16-8-102 is not a proper vehicle for civil relief. . ."); *Bates v. Nationstar Mort., LLC*, Civ. Act. No. 1:08-CV-01443-TWT-JFK, 2008 U.S. Dist. LEXIS 123842, *24-26 (N.D. Ga. 2008) ("Plaintiffs do not have the right to bring a criminal action based on O.C.G.A. § 16-8-102. Nor do they have the right to bring a civil action based on the cited statute. . ."). To the extent that Plaintiff attempts to assert a claim for residential mortgage fraud, that claim must be dismissed because the GRMFA does not establish a private right of action.

**III. PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER RESPA.**

Plaintiff makes the allegation that Ocwen somehow violated the Real Estate Settlement Procedures Act (hereinafter referred to as "RESPA"). (Complaint, ¶ 11). However, Plaintiff's allegation concerning RESPA is vague and fails to set forth precisely how Ocwen violated RESPA. RESPA claims have been previously dismissed where a plaintiff failed to provide any details to explain how RESPA was violated and failed to provide any factual allegations in support of the claim. *See Boone v. JP Morgan Chase Bank*, 447 Fed. Appx. 961 (11th Cir. 2011). To the extent that Plaintiff is attempting to assert a RESPA claim, such a claim fails to satisfy the pleading standard under Fed. R. Civ. P. 8 as Ocwen would be forced to engaged in guesswork as to Plaintiff's precise claim and is wholly unable to

evaluate any potential defenses to such a claim.  For this reason alone, any RESPA claim alleged by Plaintiff should be dismissed.

Plaintiff alleges that "New Century Mortgage Corporation violated federal law." (Compl. ¶ 12). Plaintiff does not explain how, or even allege that, Ocwen is liable for New Century's actions or omissions. Plaintiff also alleges that she did not receive the notice(s) of servicing transfer required by 12 U.S.C. §§ 2605(b) and (c). (Compl. ¶¶ 6, 12). However, those statutes require that notice of a servicing transfer be given to "the borrower". 12 U.S.C. §§ 2605(b)(1) and (c)(1). It is uncontroverted that "the borrower" on the loans at issue was Annie Parchment, not Plaintiff. (Compl. ¶ 1). Since she was not "the borrower" on either loan, RESPA does not require that Plaintiff be given notice of any transfer of servicing of those loans.

Plaintiff obtained ownership of the Subject Property on February 17, 2013, when Annie Parchment executed the Quitclaim Deed deeding the Subject Property to Plaintiff. *See*, Exhibit "C." Plaintiff alleges that servicing of the mortgages at issue was last transferred in September 2010. (Compl. ¶ 6).  Plaintiff did not have any interest in the Subject Property at that time. Ocwen had no duty to provide Plaintiff with a notice of transfer of servicing, because Plaintiff was not a borrower

15

on the mortgages at issue and had no ownership interest in the Subject Property at the time the servicing transferred. Plaintiff's RESPA claim fails as a result.

Plaintiff's RESPA claim is also time-barred. Under RESPA, claims are subject to either a one-year or three-year statute of limitations, depending on the nature of the alleged violation and the requested remedy. *See* 12 U.S.C. § 2614. It appears from the Complaint that Plaintiff is alleging that Ocwen did not provide her with a notice of a transfer of servicing which is required by Section 6 of RESPA (12 U.S.C. § 2605). (Complaint, ¶¶ 6, 11-13). Claims under 12 U.S.C. § 2605 are subject to a three-year statute of limitations. *See generally* 12 U.S.C. § 2614. Based upon Plaintiff's vague and ambiguous allegations, her RESPA claim arises from the loan closings which occurred on or about December 11, 2006 and the service transfer of both loans to Ocwen which occurred in September 2010. Therefore, the statute of limitations for any alleged violation regarding a notice of transfer of servicing expired in September 2013, at the latest. Since Plaintiff did not file her lawsuit until February 28, 2014, Plaintiff's RESPA claims, if any, are time barred and must be dismissed.

## **CONCLUSION**

It is clear that Plaintiff not only lacks standing to bring any claims related to the mortgage loans received by Annie Parchment, but also that her Complaint fails

to state any cognizable claim for relief. Therefore, her Complaint should be dismissed with prejudice as any amendment would be futile. Defendant respectfully requests that the Court grant this motion and dismisses Plaintiff's claims as laid out above and tax the Plaintiff with all costs of this action.

Respectfully submitted this 15th day of April, 2014.

/s/ Scott H. Michalove
Scott H. Michalove
Georgia Bar No. 504016
Montoya McGee Ho-Sang
Georgia Bar No. 572105
*Attorneys for Ocwen Loan Servicing, LLC*

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
Suite 1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Ph. 404-577-6000
Facsimile: (404) 221-6501
Email: smichalove@bakerdonelson.com
Email: mho-sang@bakerdonelson.com

## CERTIFICATION OF FONT

I hereby certify that the foregoing document has been prepared in 14-point Times New Roman font and complies with LR 5.1, NDGa.

**/s/ Scott H. Michalove**
Scott H. Michalove
Georgia Bar No. 504016
Montoya McGee Ho-Sang
Georgia Bar No. 572105
*Attorneys for Ocwen Loan Servicing, LLC*

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
Suite 1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Ph. 404-577-6000
Facsimile: (404) 221-6501
Email: smichalove@bakerdonelson.com
Email: mho-sang@bakerdonelson.com

## CERTIFICATE OF SERVICE

This will certify that I have this day filed the foregoing **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS** by the CM/ECF online filing system with the U.S. District Court for the Northern District of Georgia which will automatically send email notification to all counsel of record and by U.S. Mail upon the following:

Lorraine Parchment, *Pro Se*
1464 Shellnut Court
Hampton, GA 30228

This 15th day of April , 2014.

        **/s/ Scott H. Michalove**
        Scott H. Michalove
        Georgia Bar No. 504016
        Montoya McGee Ho-Sang
        Georgia Bar No. 572105

        *Attorneys for Ocwen Loan Servicing, LLC*

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
Suite 1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Ph. 404-577-6000
Facsimile: (404) 221-6501
Email: smichalove@bakerdonelson.com
Email: mho-sang@bakerdonelson.com