ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 17 2015

JAMES N. HATTEN, Clerk
BY: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LORRAINE E. PARCHMENT & §
ANNIE T. PARCHMENT §
§
PLAINTIFFS, §
§ CIVIL ACTION NO:
v. § 1:14: CV-01037-CC
§
OCWEN LOAN SERVICING, LLC §
§
DEFENDANT §

## RULE 60 MOTION FOR RELIEF FROM JUDGMENT

**COMES NOW,** Lorraine Parchment, Plaintiff herein, and respectfully shows the following:

## INTRODUCTION

Plaintiff filed her response to to Magistrate Judge J. Clay Fuller's Final Report and Recommendation and Order, on or about December 20, 2014 yet she received no response and a final judgment was entered against her. It is Plaintiff understands that a response, timely filed, will be answered by the court. Instead of an answer to the issues posed she received a final judgment.

1

Plaintiff submits that based upon new evidence which will prove conclusively that she is entitled to relief. The following facts will give this court and defendant fair notice of what the ... claim is and the grounds upon which it rests[.]' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)).

Plaintiff hereby submits evidence pursuant to FRE 803, business records exception to the hearsay rule and 803 B (15).

The magistrate's order was predicated upon the assumption that MB Financial Bank took over as Plaintiff's lender. When New Century Mortgage became defunct, the FDIC transferred New Century Mortgage portfolio to MB Financial. On February 14, 2013, New Century Mortgage Liquidating Trust Trustee, Alan M. Jacobs motioned the court to allow him to destroy and abandon "certain" Mortgage Loan and Business files (previously submitted as Plaintiff's Exhibit D). It is Plaintiff's position that her loan was among the loans destroyed and abandoned as **_MB Financial Bank has no record of Plaintiff's loan_**. (See Exhibit A) Plaintiff contacted MB Financial in an attempt to prove her loan was not part of the portfolio transferred to MB Financial. MB Financial's response supports her position.

Further, MB Financial never used Homeq as a servicer. Homeq continued servicing Plaintiff's loan after New Century went out of business, illegally modified Plaintiff's loan and then sold a loan they had no legal right to, to Ocwen Loan Servicing.

## I

### QUIET TITLE

1. The contents of the paragraphs set forth above are incorporated here as if fully set forth herein,

2. Plaintiff's Quiet Title Action is predicated upon OCGA § 23-6-60, OCGA § 23-2-62 (b) as she submits she is entitled to judgment because her lender, New Century Mortgage, is defunct and ***MB Financial Bank has no record of her mortgage ever having been transferred to them***

3. Further, ***MB Financial Bank does not use Homeq or Ocwen Loan Servicing to Service their mortgages.*** Plaintiff will supplement her response with evidence from MB Financial within 7 business days as MB Financial indicated it would take that long to produce the proofs requested by Plaintiff.

4. Plaintiff submits the following response to the court's order contains "…sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face". Further, if she be granted leave to amend her complaint, pursuant to FRCP 15 (a) (2), she believes that the deficiencies in the pleading

3

can be cured by amendment." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868, 883 (2009) quoting *Twombly,* 550 U.S. at 570). *Lopez v. Smith,* 203 F.3d. 1122, 1127–28 (9th Cir.2000) (en banc).

## II

## TITLE FRAUD

5. The contents of the paragraphs set forth above are incorporated here as if fully set forth herein.

6. In response to the court's concerns, Home eq. is out of business and was legally purchased by Ocwen Loan Servicing. However, in a conversation with MB Financial Bank, they indicated they NEVER used Home Eq or Ocwen to service their loans. They also indicated they have no record of Plaintiff's loan EVER transferring to them although they acknowledged they did received New Century Mortgage loans from the FDIC.

7. In light of the foregoing, Plaintiff is asking this honorable court to please allow MB Financial to complete the search of its records and produce the proofs she requested in order to substantiate her claims.

8. It is for this reason Plaintiff is under the belief that Homeq and Ocwen serviced a mortgage they had no legal right to. As such Plaintiff suggests that the criminal statute, O.C.G.A. § 44-2-43 is appropriate in this case. It declares:

> *"Any person who: (1) <u>fraudulently obtains</u> or attempts to obtain a decree of registration of title to any land or interest therein; (2) <u>knowingly offers in evidence any forged or fraudulent document in the course of any proceedings</u> with regard to registered lands or any interest therein; (3) makes or utters any forged instrument of transfer or instrument of mortgage or any other paper, writing, or document used in connection with any of the proceedings required for the registration of lands or the notation of entries upon the register of titles; (4) steals or fraudulently conceals any owner's certificate, creditor's certificate, or other certificate of title provided for under this article; (5) <u>fraudulently alters, changes, or mutilates any writing, instrument, document, record, registration, or register provided for under this article; (6) makes any false oath or affidavit with respect to any matter or thing provided for in this article; or (7) makes or knowingly uses any counterfeit of any certificate provided for by this article shall be guilty of a felony</u> and shall be punished by imprisonment for not less than one nor more than ten years."*

9. To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557).

10. Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") requires that fraud be pled with particularity. To satisfy Rule 9(b), "the Plaintiff must allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in

which these statements misled the Plaintiff; and (4) what the defendants gained by the alleged fraud." *Adams v. Mort. Elec. Registration Sys.*, 2012 WL 5077356, at 5 (N.D. Ga. Oct. 17, 2012) There are five elements to a fraud claim in Georgia: "(1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages." Lehman v. Keller, 677 S.E.2d 415, 417 (Ga. Ct. App. 2009).

11. O.C.G.A. § 44-14-64 (a) "All transfers of deeds to secure debt shall be in writing; shall be signed by the grantee or, *__if the deed has been previously transferred, by the last transferee__*; and shall be witnessed as required for deeds. Plaintiff submits that the last transferee was New Century Mortgage which was *__closed__* March 2008. There is no record Plaintiff submits it is impossible for a bank that was closed 2008 to have given MERS authorization to file an Assignment in 2011. Further the 2011 transfer *__should have come from the receiver MB Financial Bank and Plaintiff submits that it did not.__*

12. The magistrate does not address the fact that the modification was never recorded in violation of O.C.G.A. 44-14-37

13. Plaintiff submits that the issue is not whether Plaintiff has standing to challenge the assignment, instead she submits that the magistrate did not

6

address the fact that the trust, Deutsche Bank National Trust, Series 2007-BR5 **_DOES NOT EXIST_**.

14. In an article published June 17, 2014, "Ocwen Financial to Settle Mortgage Lawsuit for 7.3 Million.", attached hereto as Exhibit A", it was revealed that Ocwen foreclosed on homes where "..._**they did not own the underlying mortgages.**_"

## III

## DEFENDANT VIOLATED INTERNAL REVENUE CODE§§860A-G

15. The contents of the paragraphs set forth above are incorporated here as if fully set forth herein.

16. Internal Revenue Code (I.R.C.) §§860A-G (Real Estate Mortgage Investment Conduit ("REMIC") REMICs are required to be passive vehicles, meaning that mortgages *cannot* be transferred in and out of the trust once the closing date has occurred, unless the trust can meet very limited exceptions under the Internal Revenue Code I.R.C. § 860G. The 90 day requirement is imposed by the I.R.C. to ensure that the trust remains a static entity. However, since the mortgage-backed securities trust is the controlling document, the Pooling & Servicing Agreement (PSA), requires that the trustee and servicer not do

anything to jeopardize the tax-exempt status or violate any securities laws; **PSAs generally state that any transfer after the closing date of the trust is invalid.**

17. Section 12(g) of the Securities Exchange Act of 1934 or Suspension of Duty to File Reports under Sections 13 and 15(d) of the Securities Exchange Act of 1934 have also been violated; a loan cannot be transferred into a trust after the closing date.

18. In light of the foregoing Plaintiff demands that Ocwen produce a certified copy of the alleged trust.

## IV

## DEFENDANT'S ASSIGNMENT IS FRAUDULENT

19. The contents of the paragraphs set forth above are incorporated here as if fully set forth herein.

20. The assignment submitted by Defendant is fraudulent. If the trust did exist, a 2006 loan cannot be transferred into a 2011 trust as this is in violation of the rules of the IRS and SEC.

21. Defendant bank cannot acquire interest in a property through fraudulent documents or a fraudulent assignment and therefore lacks standing.

22. In light of the foregoing, Plaintiff submits that she has met her burden.

IV

## GEORGIA CIVIL RICO

23. The contents of the paragraphs set forth above are incorporated here as if fully set forth herein.

24. Plaintiff includes this Court for informational purposes. Constraints of time forbid sufficient detailing of this Count. Plaintiff shows that the Banking and Corporate Defendants have through a pattern of racketeering committed at least two illegal predicate acts of *inter alia* wire fraud, mail fraud and fraud, and that Plaintiff therefore is entitled to all awards of fees costs and damages as provided by the Georgia RICO statutes and that all appropriate sanctions against Defendants such as disgorgement of profits and dissolution should be considered by the Court. Plaintiff will amend recast and consolidate her complaint herein as logistical and time constraints permit.

**WHEREFORE**

25. Plaintiff respectfully asks the magistrate to determine the existence or non-existence of the trust; and

26. Allow MB Financial to complete their investigation so that she can produce evidence proving Ocwen has no legal right to modify the terms of her loan or collect her mortgage payments.

**WHEREFORE,** Plaintiff prays that in light of the evidence, the magistrate allow this case to proceed and order a thorough investigation of the record to determine

what entity, if any, has a real claim over Plaintiff's claim of title. The magistrate cannot enforce Owen's claim merely because Ocwen purchased Homeeq or because Ocwen allegedly assigned Plaintiff's a trust which is not registered with the SEC. Ocwen must prove how they acquired an interest in Plaintiff's loan.

Dated: April 16, 2015

Respectfully submitted,

By: *L Parchment*

Lorraine Parchment, Pro Se
1464 Shellnut Court
Hampton, Georgia 30228

EXHIBIT A



## Ocwen Financial to Settle Mortgage Lawsuit for $3.7M

by <u>Zacks Equity Research</u>   Published on June 17, 2014 | No Comments
WFC OCN HLSS RESI

 ZacksTrade Now

StockTwits Share



+ Follow Author

One of the biggest non-bank mortgage servicers in the U.S. **Ocwen Financial Corp.** (OCN - Analyst Report) agreed to settle a Massachusetts lawsuit related to mortgage handling by paying $3.7 million. Of the total settlement, homeowners will receive $3.0 million while the rest of the amount will pertain to the state.

The lawsuit alleged that Ocwen unlawfully foreclosed on properties and did not provide the required notices to homeowners who were at default. Further, an acquired company of Ocwen – Litton Home Servicing LP – breached state laws as it initiated foreclosure process on homes wherein actually the company did not hold the particular mortgages.

The latest settlement follows the $2.1 billion settlement announced in Dec 2013 with the Consumer Financial Protection Bureau (:CFPB) and other regulators, along with 49 states and the District of Columbia. The settlement pertained to the resolution of the alleged charges of the company's improper handling of mortgages.

### Ocwen in Trouble Tides

Though we are encouraged by Ocwen's efforts to gradually resolve its legal hassles, the company is still facing challenges in carrying out its operations. Notably, in Feb 2014, Benjamin Lawsky, superintendent of New York's Department of Financial Services (:DFS), restricted the proceedings of the cash-

deal worth $2.7 billion entered into by **Wells Fargo & Company** (WFC - Analyst Report) and Ocwen in Jan 2014 as it doubted Ocwen's capability to service loans.

Further, Mr Lawsky is conducting investigations on Ocwen as he raised concerns regarding conflict of interests between Ocwen and certain publicly listed affiliates including **Altisource Residential Corporation** (RESI - Snapshot Report), Altisource Portfolio Solutions S.A. and **Home Loan Servicing Solutions, Ltd.** (HLSS -Snapshot Report)

## Bottom Line

Given the new capital regulations, in addition to paying penalties for malpractices related to mortgage loans, servicing of loans has become a costly affair for the banks. Hence, U.S. mortgage servicing and origination is rapidly shifting to non-bank financial institutions such as Ocwen.

Notably, of late, Ocwen has been growing inorganically. The company acquired MSRs from several large banks including Morgan Stanley, The Goldman Sachs Group, Inc. and JPMorgan Chase & Co. Upon completion of all the announced deals, the total servicing portfolio will likely be around $500 billion. At present, the company is the fourth largest mortgage servicer in the country.

We believe the company has the potential to combat its inefficiencies and sustain growth in the long run, but nothing can be conclusively said about how its ongoing investigations will impact its financial stability.